CHARLES PESKIN *vs.* JOHN F. BUCKLEY.

Worcester.    September 24, 1929. — November 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Evidence*, Relevancy and materiality.

Evidence, offered by the defendant at the trial of an action of tort for personal injuries sustained as a result of a collision between an automobile operated by the plaintiff and an automobile operated by the defendant, that the plaintiff's license to operate motor vehicles had been suspended after the accident by the registrar of motor vehicles, was irrelevant on the issue, whether the plaintiff was guilty of contributory negligence, and properly was excluded.

TORT. Writ dated May 4, 1927.

At the trial in the Superior Court before *Brown*, J., the jury found for the plaintiff in the sum of $5,000. The defendant alleged an exception to the exclusion of certain evidence, as described in the opinion.

The case was submitted on briefs.

*J. E. Conway & T. D. Sullivan,* for the defendant.

*E. G. Norman,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages

for injuries to the person and property of the plaintiff, alleged to have been sustained by reason of the negligent and unskillful driving of an automobile by the defendant on a public highway in the city of Worcester. The case was tried to a jury and a verdict returned for the plaintiff.

There was evidence that, while the plaintiff was operating his automobile with due care, the defendant drove his car "at an excessive rate of speed" upon and into the plaintiff's automobile, thereby causing the harm and damage complained of. There was also evidence that the plaintiff was not in the exercise of due care, and that the collision was attributable in part to the negligent driving of the plaintiff's car.

Without objection or exception, the supervising inspector of the State registry of motor vehicles in Worcester County testified that he partly investigated an automobile accident in which the plaintiff was involved in November, 1926; that the plaintiff told him at the office of the registry "he was crossing Washington Square at an estimated speed of seventeen miles an hour, and that he was in collision with this car which he hadn't seen up to the time of contact." The defendant then asked the witness, "What official action was taken in regard to Peskin's license?" Subject to the exception of the defendant the judge excluded the answer to the question, and the defendant made an offer of proof in substance "that the license of the plaintiff was suspended." In support of the relevancy of the proffered evidence the defendant relies on G. L. c. 90, § 22, which reads: "The registrar may suspend or revoke any certificate of registration or any license issued under this chapter, after due hearing, for any cause which he may deem sufficient."

It is plain the mere suspension of the plaintiff's license could have no relevancy, no rational tendency to prove want of due care by the plaintiff, and it is obvious that the fact of the suspension, if admitted in evidence, would be prejudicial to the plaintiff. *Beauregard* v. *Benjamin F. Smith Co.* 213 Mass. 259. The evidence was rejected rightly.

*Exceptions overruled.*